UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GINO TIBERI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:20-CV-06665 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Gino Tiberi was unfortunately struck by falling snow and ice as he walked into a Menard's hardware store in 2018, giving him a mild concussion. R. 73, DSOF ¶ 4; R. 73-1, Tiberi Dep. at 27:10–19, 32:18–33:1, 36:2–7. [1] After his symptoms worsened, he brought this suit in 2020, claiming that Menard negligently designed and built its store's roof, which caused the "unnatural accumulation" of snow and ice that fell on him. R. 2-1, Compl. at 1–3. [2]

Menard now moves for summary judgment, arguing that it is shielded from liability because the wintry accumulation occurred naturally and because Tiberi's claim is time-barred. R. 72, Def.'s Am. Mot.; R. 74, Def.'s Br. at 1, 3–4. On review of the evidence, as detailed below, a reasonable jury would have to find that the roof

---

[1] Citations to the record are noted as "R." followed by the docket number.

[2] This case was removed from the Circuit Court of Cook County. R. 2, Notice of Removal at 1–2. This Court has diversity jurisdiction over the case, 28 U.S.C. § 1332(a), because Tiberi is an Illinois citizen, Menard is a corporation incorporated and with its principal place of business in Wisconsin, and the amount in controversy exceeds $75,000. *Id.*; Compl. at 3.

was an improvement to real property and was designed and planned by Menard in 1993. So Tiberi's negligence claim is barred by the Illinois Construction Statute of Repose's ten-year time limit. 735 ILCS 5/13-214(b) (2017). The summary judgment motion must be granted.

## I. Background

As Gino Tiberi was walking into a Menard's store in November of 2018, snow and ice fell off of the roof onto his head, neck, and shoulders. DSOF ¶ 4; Tiberi Dep. at 27:10–19, 32:18–33:1. Though he continued into the store, completed his shopping, and drove himself home, Tiberi says that once he got home, he became nauseous, had blurry vision, and felt stiffness in his arm. DSOF ¶¶ 8–9; Tiberi Dep. at 27, 33:19–34:17. After a trip to the hospital and his doctor's office, he was diagnosed with a mild concussion. Tiberi Dep. at 36:2–7. But Tiberi reports that his symptoms got worse over time and that the impact of the falling snow exacerbated his pre-existing medical conditions, severely limiting his physical abilities. *Id.* at 47–59, 64–75.

So in 2020, Tiberi brought this suit against Menard, alleging that the company's negligent design and construction of its store's roof caused an "unnatural accumulation" of snow and ice that then fell on him, causing permanent injuries. Compl. at 1–3. He seeks damages for those injuries. *Id.* at 3. Menard now moves for summary judgment, arguing that it is not liable because the snow and ice accumulated naturally and because Tiberi's claim is time-barred by the Illinois Construction Statute of Repose. Def.'s Am. Mot.; Def.'s Br. at 1, 3–4. The latter argument is the winner, as explained below.

## II. Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that it is entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. Analysis

Tiberi argues that Menard is liable because it negligently designed its store's roof, causing snow and ice to unnaturally accumulate and then fall on him. R. 81, Pl.'s Resp. at 1–3. In support of this, he points to an expert report by Mark Yandell explaining that the snow would not have accumulated if the roof had a steeper pitch (or

3

slope) and a higher parapet wall. *Id.* at 3; R. 73-6, Yandell Rep. at 4–5. But in addition to directly disputing the merits, Menard also counters that Tiberi's negligence claim is time-barred by the Illinois Construction Statute of Repose because (1) he claims that Menard's improper roof design caused his injury and (2) it has been more than 10 years since Menard designed, planned, and built the roof. Def.'s Br. at 14. Menard is right, and this is fatal to Tiberi's claim.

Under the statute of repose, "[n]o action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission." 735 ILCS 5/13-214(b) (2017). In other words, the "possibility of liability" entirely "terminate[s]" 10 years after the defendant completed the construction-related act or omission in question. *DeLuna v. Burciaga*, 857 N.E.2d 229, 237 (Ill. 2006). And that "protects any party, regardless of status, if its engagement in an enumerated construction-related activity is the sole basis of a particular claim." *Stanley v. Ameren Ill. Co.*, 982 F. Supp. 2d 844, 861 (N.D. Ill. 2013).

To determine whether the statute of repose applies, courts use a two-part test: "(1) the item at issue [must be] an improvement to real property; and (2) the defendant's action [must] fall within the scope of the activities enumerated in the statute." *MBA Enters. v. N. Ill. Gas Co.*, 717 N.E.2d 849, 851 (Ill. App. Ct. 1999). Here, both elements are met, shielding Menard from liability.

First, the item at issue—Menard's store's roof—is an obvious improvement to real property. The relevant criteria for deciding whether something is an improvement include "whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced." *St. Louis v. Rockwell Graphic Sys., Inc.*, 605 N.E.2d 555, 556 (Ill. 1992). Even viewing the record in Tiberi's favor, the roof meets all of those factors. It was built in 1993 as a permanent and integral part of the overall building. DSOF ¶ 42; *see* R. 73-7, Store Elevations Blueprint; R. 73-8, Store Roof Blueprint. And the roof no doubt enhanced the value and use of the building; common sense dictates that without a roof, a store in Illinois would essentially be unusable for much of the year. Plus, given that courts have deemed that more minor and ancillary additions—like a warehouse garage door, an electrical switching system, and asbestos insulation—are improvements under the statute, the store's roof here easily qualifies, and no jury could find otherwise. *See Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 267–68 (7th Cir. 1994); *Garrison v. Gould, Inc.*, 36 F.3d 588, 592 (7th Cir. 1994); *Stanley*, 982 F. Supp. 2d at 863–64.

Moving on to the second element, Menard asserts that it designed and planned the store's roof, which are activities that fall within the statute's enumerated list. Def.'s Br. at 14–15. The record indisputably supports that. The store's original blueprints establish that Menard's internal planning department laid out the design and architectural plans for the building (including the entire roof system) in 1993. *See* Store Elevations Blueprint; Store Roof Blueprint. Tiberi himself recognizes that

5

Menard "designed and constructed the roof at issue." Pl's Resp. at 3. That means his claim became time-barred in 2003—well before he brought this suit. Compl. at 1.

Tiberi's only response is that his claim is not yet time-barred because Menard has replaced its roof in the years since 1993. Pl.'s Resp. at 14–15. But no reasonable jury could so find. Tiberi's sole proffered evidence for this assertion is the deposition testimony of his expert witness, Mark Yandell. Yandell testified that based on photos of the store's roof, he believed that it had been *repaired* with new materials since its original installation. R. 73-11, Yandell Dep. at 73–78. Yet he conceded that he neither had concrete proof (other than his observations based on the photos) that Menard reroofed its building nor knew when the repairs or reroofing even happened. *Id.* at 75–76.

Indeed, even fully crediting this testimony, the statute of repose still applies. At most, a reasonable jury could interpret Yandell's testimony as proving that Menard repaired and maintained its roof with new materials sometime in the last few years. But that does not reset the clock for the statute of repose. Repairs and even replacements of building components or structures do not qualify as improvements under the statute. *See Garner,* 37 F.3d at 268. So the date that matters is when the roof was *first* designed, planned, and constructed, not when it was subsequently repaired or replaced. And neither Tiberi nor Yandell say that the specific aspects of the roof that they claim caused the unnatural snow accumulation—namely the pitch and the parapet wall—were ever changed or redesigned. *See* Pl.'s Resp. at 14–15; Yandell Dep. at 73–75. The ten-year timer thus started in 1993 and never reset.

6

Because Tiberi's claim is entirely premised on Menard negligently designing and constructing its store's roof, the claim is time-barred by the statute of repose. Compl. at 1–3. And Tiberi does not argue that he has a path forward if he loses on this issue. So the Court grants summary judgment to Menard and need not decide whether the snow and ice accumulated naturally.[3]

### IV. Conclusion

The Court grants Menard's amended motion for summary judgment, R. 72, and dismisses Tiberi's claim.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2024

---

[3] The Court notes that the merits question is a much closer call than the statute of repose issue, given the very low height of the parapet wall.